OPINION. Black, Judge: In this proceeding we are asked to determine petitioner’s basis for depreciation. In this broad respect the issue is the same as was involved in Claridge Apartments Co. v. Commissioner, 323 U. S. 141; Alcazar Hotel, Inc., 1 T. C. 872; appeal dismissed on motion of the parties, C. C. A., 6th Cir., and Motor Mart Trust, 4 T. C. 931; on appeal, C. C. A., 1st Cir. We start with section 14 (a) of the Internal Revenue Code, which is as follows: (a) Basis foe Depreciation. — The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property. Section 113 (b) provides: (b) Adjusted Basis. — The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. Subsection (a) of section 113 provides: (a) Basis (Unadjusted) of Property. — The basis of property shall be the cost of such property; except * * * There are 22 exceptions to section 113 (a), as amended, but neither petitioner nor the respondent contends that any of these exceptions are applicable. The unadjusted basis of the property in question is, therefore, its “cost” to petitioner; and the parties are in agreement as to the cost of the property. We turn now to the four numbered paragraphs of adjustments provided for under section 113 (b). There is no issue between the parties as to the first three paragraphs. The issue arises with respect to paragraph (4), which was added to the code by section 122 (a) of the Revenue Act of 1943, and by section 122 (b) was made applicable to taxable years beginning after December 31, 1935. Paragraph (4) is as follows: (4) Adjustment of Capital Structure Prior to September 22, 1938. — Where a plan of reorganization of a corporation, approved by the court in a proceeding under section 77B of the National Bankruptcy Act, as amended, Is consummated by adjustment of the capital or debt structure of such corporation without the transfer of Its assets to another corporation, and a final judgment or decree In such proceeding has been entered prior to September 22, 1938, then the provisions of section 270 of the National Bankruptcy Act, as amended, shall not apply in respect of the property of such corporation. For the purposes of this paragraph the term “reorganization” shall not be limited by the definition of such term in section 112 (g). Section 270 of the National Bankruptcy Act, as amended, sometimes referred to as the Chandler Act, is set forth in the margin.[1] Petitioner contends that the phrase “a final judgment or decree in such proceeding,” as used in section 113 (b) (4), should be so construed as to regard the court’s order of June 4, 1936, approving the final report and final account of the trustee, discharging the trustee, and canceling his bond, as the final judgment or decree, and that, therefore, paragraph (4) is not applicable to petitioner. If our decision should be against petitioner on this contention, then petitioner further contends that there was no cancellation or reduction of its indebtedness within the meaning of those terms as used in section 270, citing Capento Securities Corporation, 47 B. T. A. 691; affd., C. C. A., 1st Cir., 140 Fed. (2d) 382; Alcazar Hotel, Inc., supra, and Motor Mart Trust, supra, and that, therefore, no adjustment in the cost basis of its property should be made under section 113 (b) (4) of the code. The respondent contends that no final judgment or decree has ever been entered in the 77B proceeding; that the said 77B proceeding was pending on September 22, 1938; that section 270 of the National Bankruptcy Act, as amended, is applicable; that indebtedness of petitioner in the amount of $1,905,332.55 was canceled or reduced; and that the cost basis of petitioner’s property should be decreased by that amount, except that such basis, in the language of section 270, “shall not be decreased to an amount less than the fair market value of such property as of the date of entry of the order confirming the plan,” which fair market value the parties have stipulated was $600,000. In support of petitioner’s contention that the court’s order dated June 4,1936, should be construed as the “final judgment or decree” as those words are used in section 113 (b) (4), petitioner offered the testimony of John P. Barnes, the United States District Judge for the Northern District of Illinois, who had entered substantially all of the orders in the 77B proceeding, including the order dated June 4,1936, and cites Claridge Apartments Co. v. Commissioner, supra; S. Rept. No. 627, 78th Cong., 1st sess., to accompany the Revenue Bill of 1943, C. B. 1944, pp. 973, 1010-1012; and Conference Rept. No. 1079, 78th Cong., 2d sess., C. B. 1944, pp. 1059, 1063-1066. A portion of the latter is set forth in the margin.[2] Among other things, Judge Barnes testified that he had entered the order of November 25, 1935, confirming the plan and also the order dated June 4, 1936; that he regarded the latter order as “the final judgment or decree in bankruptcy case No. 56434 with respect to the reorganization of the property and business of” petitioner; that after July 1, 1936, he did not in any way supervise the property and business of petitioner; that he had also entered the orders relating to the Kate Cohen matter referred to in our findings; that special master Rosenthal has never filed his report with respect to the Kate Cohen matter; and that the only reason he knew of as to why a final closing order had not been entered in the 77B proceeding was the pending Kate Cohen matter. We think petitioner’s contention that the plan of its reorganization under section 77B of the Bankruptcy Act had been fully consummated prior to the effective date of the Chandler Act, September 22, 1938, and that the “final judgment or decree,” as those words are used in section 113 (b) (4), was the order of June 4, 1936, approving the final account of the trustee and discharging him from all further duties in the proceeding and canceling his bond, must be sustained. The order of confirmation of the plan of reorganization was entered November 25,1935. All of the steps in connection with the reorganization were consummated and completed prior to July 1, 1936. Section 270 is not to be given retroactive effecc so as to cover the reorganization of petitioner which occurred some two years prior to the enactment of the Chandler amendment to the Bankruptcy Act. As was said by the Supreme Court in the Claridge Apartments case, supra: If Sections 268 and 270 were to be applied to all reorganizations completed under Section 77B, literally they would cover all such transactions running back to 1934, when the latter section was enacted. As to proceedings closed when the Chandler Act took effect, this would involve disturbance of tax consequences already settled for five years, * * * To all intents and purposes the bankruptcy proceedings in the instant case have been closed for nearly ten years. The petitioner has been operating its property and business without any supervision by the court since July 1936. A matter over which the petitioner has no control and in which it is not interested made it impossible to enter a final order closing out the bankruptcy proceeding. This matter was the appointment by the court on its own motion, of a special master to examine into the conduct of one of the bondholders and others and to report back to the court — a report which the special master has not yet made. To contend in the instant case that a final closing order closing out the bankruptcy proceeding was necessary in order to permit the taxpayer to come within the provisions of section 113 (b) (4), we think, means (1) a disregard of the obvious intention of Congress and (2) a disregard of substance for mere form. We sustain petitioner as to this part of the issue. But, if we are wrong in the above holding and “no final judgment or i decree” in such proceeding had been entered prior to September 22, 1938, within the meaning of section 113 (b) (4) , our decision would still have to be in favor of petitioner. Assuming that no final judgment or j decree in the 77B proceeding was entered prior to September 22,1938,1 the instant case is then on all fours with Motor Mart Trust, supra. I Upon the facts in the Motor Mart Trust case, which were very similar i to those present in the instant case, we held that there was no cancellation or reduction of indebtedness of the trust within the purview of sections 268 and 270 of the Chandler Act. In the instant case, we likewise hold that the exchange of petitioner’s new stock for its first and second mortgage bonds, unsecured claims, and old stock in accordance with the plan approved in the 77B proceeding did not amount to a cancellation or reduction of indebtedness under section 270 of the Bankruptcy Act, as amended. Motor Mart Trust, supra; cf. Alcazar Hotel, Inc., supra. It follows that no adjustment is to be made to petitioner’s cost basis under section 113 (b) (4) of the code. In accordance with paragraph 18 of the stipulation of facts, Decision of no deficiencies will be entered. Public No. 696, 75th Cong., 52 Stat.,840, as amended : “Sec. 270. In determining the basis of property for any purposes of any law of the United States or of a State Imposing a tax jpon income, the basis of the debtor’s property (other than money) or of such property (other than money) as is transferred to any person required to use the debtor’s basis in whole or in part shall be decreased by an amount equal to the., amount by which the indebtedness of the debtor, not including accrued interest unpaid and not resulting in a tax benefit on any income tax return, has been canceled or reduced in a proceeding under this chapter, but the basis of \ny particular property shall not be decreased to an amount less than the fair mnrket vu je of such property as of the date of entry of the order confirming the plan. Any determination of value in a proceeding under this chapter shall not be deemed a determination of fair market value for the purposes of this section. The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe such regulations as he may deem necessary in order to reflect such decrease in basis for Federal income-tax purposes and otherwise carry into effect the purposes of this section.” Amendment No. 34: This amendment, for which there is no corresponding provision in the House bill, adds to section 113 of the Code a new paragraph to provide for the non-application of section 270 of the Bankruptcy Act, as amended, in the case of certain reorganizations occurring under section 77B of such Act. The effect of the amendment is to prevent reduction of the basis of the assets of the reorganized corporation by the amount of the indebtedness canceled in the proceeding in those cases in which the reorganization is consummated by the adjustment of the capital or debt structure of the existing corporation, and the final judgment or decree in the reorganization proceeding was entered prior to September 22, 1938. Cases in which the reorganization is consummated by a transfer to another corporation of the assets of the corporation undergoing reorganization are not affected by the amendment. A provision having the effect of the amendment shall be deemed to be included in the revenue laws respectively applicable to taxable years, beginning after December 31, 1935. The House recedes with an amendment rennmbering the section, technical amendments clarifying the language of the provision, and inserting the new provision as paragraph (4) of section 113 (b), relating ro adjusted basis, instead of paragraph (23) of section 113 (a), relating to basis.